

**SCHLACTER & ASSOCIATES**
**Attorneys for Plaintiff**
**450 Seventh Avenue**
**New York, New York 10123**
**(212) 695-2000**
**By: JED R. SCHLACTER (JRS-4874)**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*JUDGE CASTEL*

------------------------------------------------------------X   **'07 CIV   7132**

**CAMERON INDUSTRIES, INC.,**                    :      07 Civ.

                  **Plaintiff,**      :

         **-against-**                :      **COMPLAINT**

**LARRY HANSEL CLOTHING, LLC and**              :
**RAMPAGE CLOTHING COMPANY,**

              **Defendants.**      :

------------------------------------------------------------X

Plaintiff, by its attorneys, SCHLACTER & ASSOCIATES, for its complaint against

defendant, alleges:


## JURISDICTION

1.     This action, as more fully stated below, is for, <u>inter alia,</u> copyright infringement,

unfair trade practices and unfair competition; arises under Title 17 of the United States Code;

jurisdiction is vested in this Court under 28 U.S.C. Sections 1338(a) and 1338(b); and proper venue exists under 28 U.S.C. Sections 1400(a) and 1391.

## THE PARTIES

2.       Plaintiff, CAMERON INDUSTRIES, INC. (hereinafter referred to as "Cameron") is a domestic corporation duly organized and existing under the laws of the State of New York, with an office located at 1375 Broadway, New York, NY 10018.  Plaintiff is a textile converter, selling finished textile piece goods to, among others, garment manufacturers.

3.       Upon information and belief, defendant, LARRY HANSEL CLOTHING, LLC (hereinafter referred to as "Hansel") is a foreign corporation, with a place of business at 2300 S. Eastern Avenue, Commerce, California 90040 and 530 Seventh Avenue, New York, NY 10018, which purportedly manufactures, distributes and sells, among other items, ladies' wearing apparel to retail stores.  Upon information and belief, defendant RAMPAGE CLOTHING COMPANY (hereinafter collectively referred to as "Rampage" or as "defendants"), is a foreign corporation, with a place of business at 2300 S. Eastern Avenue, Commerce, California 90040 and 530 Seventh Avenue, New York, NY 10018, and is a licensor of defendant Hansel.

## FIRST CAUSE OF ACTION

## PLAINTIFF'S COPYRIGHTED WORK

4.     In 2006 an original work of art was created by the plaintiff, and identified as "Pattern No. 1074".

5.     Since on or about August 4, 2006, plaintiff's original work of art was produced on fabrics, which fabrics are also identified as Pattern No. 1074.

6.     The design of Pattern No. 1074 is wholly original and is copyrightable subject matter under the laws of the United States.

7.     In or about August 4, 2006, plaintiff began selling fabrics bearing the design known as Pattern No. 1074.

8.     All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as Pattern No. 1074, identified as follows:  Registration No. VA 1-409-067.

9.     Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

10.     A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "A".

11.     Subsequent to the publication by plaintiff of its Pattern No. 1074 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

12.     A photocopy of plaintiff's copyrighted design known as Pattern No.1074 is annexed hereto as Exhibit "B".  A photocopy of defendants' said infringement is annexed hereto as Exhibit "C".

13.     All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

14.     Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design Pattern No. 1074.

15.     Plaintiff's copyrighted design incorporated carefully prepared and fashionable color combinations, which color combinations aided greatly in the sale of garments bearing the copyrighted design.

16.     As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabric design and garments have acquired a substantial market value in the trade.

17.     Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

18.     Defendants' infringing design (Exhibits "C") is unmistakably copied from plaintiff's design (Exhibit "B").

19.     Defendants' garments, when viewed by a consumer, would appear to be substantially similar to a garment of like style bearing plaintiff's copyrighted design.

20.     Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

21.     Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

22.     By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

23.    The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design have caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

24.    Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

25.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 3 above as if fully repeated herein.

## PLAINTIFF'S COPYRIGHTED WORK

26.    In 2006 an original work of art was created by plaintiff, and identified as "Pattern No. 1117".

27.    Since on or about August 10, 2006, plaintiff's Pattern No. 1117 was produced on fabrics, which fabrics are also identified as Pattern No. 1117.

28.    The design of Pattern No. 1117 is wholly original and is copyrightable subject matter under the laws of the United States.

29.    In or about August 10, 2006, plaintiff began selling fabrics bearing the design known as Pattern No. 1117.

30.    All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as Pattern No. 1117, identified as follows:  Registration No. VA 1-409-070.

31.    Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

32.    A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "D".

33.    Subsequent to the publication by plaintiff of its Pattern No. 1117 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

34.    A photocopy of plaintiff's copyrighted design known as Pattern No. 1117 is annexed hereto as Exhibit "E". A photocopy of defendants' said infringement is annexed hereto as Exhibit "F".

35.    All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

36.    Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design Pattern No. 1117.

37.    Plaintiff's copyrighted design incorporated carefully prepared and fashionable color combinations, which color combinations aided greatly in the sale of garments bearing the copyrighted design.

38.    As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabric design and garments have acquired a substantial market value in the trade.

39.    Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

40. Defendants' infringing design (Exhibits "F") is unmistakably copied from plaintiff's design (Exhibit "E").

41. Defendants' garments, when viewed by a consumer, would appear to be substantially similar to a garment of like style bearing plaintiff's copyrighted design.

42. Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

43. Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

44. By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell its garments as a substitute for the garments sold by customers of plaintiff.

45.    The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design have caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

46.    Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff demands:

(1)    That defendants, their agents, employees and servants be enjoined pendente lite and permanently from infringing the said Copyright Nos. VA 1-409-067 and VA 1-409-070 of plaintiff covering its Pattern Nos.1074 and 1117, in any manner and from publishing, selling, marketing or

otherwise disposing of any textiles and garments imprinted with designs copied from plaintiff's said copyrighted designs.

(2)     That defendants be required to pay to plaintiff damages in the amount of Two Million ($2,000,000.00) Dollars, plus interest, which plaintiff has sustained in consequence of defendants' infringements of said Copyrights and said unfair trade practices and unfair competition and to account for:

(a)     all gains, profits and advantages derived by defendants in their infringements of plaintiff's Copyrights or such damages as to the Court shall appear proper within the provisions of the copyright statutes, and

(b)     all gains, profits and advantages derived by defendants by said unfair practices and unfair competition.

(3)     That defendants be required to deliver up to be impounded during the pendency of this action, all copies of said reproduction of said works of art in their possession or under their control, and to deliver up for destruction all infringing copies and rollers, screens, plates, molds, and other matter for making such infringing copies.

(4)     That defendants pay to plaintiff the costs of this action and reasonable attorneys' fees to be allowed to the plaintiff by the Court.

(5)     That plaintiff have such other and further relief as is just.

Dated: New York, New York
       August 9, 2007

                                        SCHLACTER & ASSOCIATES
                                        Attorneys for Plaintiff


                                        By: _____
                                        JED R. SCHLACTER (JRS-4874)
                                        450 Seventh Avenue
                                        New York, NY 10123
                                        (212) 695-2000

# EXHIBIT A

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGN **VA 1–409–067**



EFFECTIVE DATE OF REGISTRATION

**JUL 03 2007**

Month          Day          Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

TITLE OF THIS WORK ▼

*PATTERN NO. 1074*

NATURE OF THIS WORK ▼ See Instructions

*DESIGN FOR FABRIC*

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the
collective work in which the contribution appeared.      Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**2 a**

NAME OF AUTHOR ▼

*CAMERON INDUSTRIES, INC*

DATES OF BIRTH AND DEATH
Year Born ▼       Year Died ▼

Was this contribution to the work a
"work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ *USA*
      Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK
Anonymous?      ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NOTE**

Under the law
the "author" of
a "work made
for hire" is
generally the
employer, not
the employee
(see instruc-
tions). For any
part of this
work that was
"made for hire"
check "Yes" in
the space
provided, give
the employer
(or other
person for
whom the work
was prepared)
as "Author" of
that part, and
leave the
space for dates
of birth and
death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work
☒ Design on sheetlike material

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼       Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
      Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK
Anonymous?      ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work
☒ Design on sheetlike material

**3 a**

YEAR IN WHICH CREATION OF THIS
WORK WAS COMPLETED   This information
*2006*               ◀Year  must be given
                      in all cases.

**b**

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information  Month▶ *AUG*  Day▶ *4*  Year▶ *2006*
ONLY if this work
has been published.          *USA*                          ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as
the author given in space 2. ▼

*CAMERON INDUSTRIES, INC*
*1375 BROADWAY*
*NEW YORK, NY  10018*

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in
space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
**JUL 03 2007**
ONE DEPOSIT RECEIVED
**JUL 03 2007**
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

EXAMINED BY ☑

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼        **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                                    **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

b

JED R. SCHLACTER, ESQ

SCHLACTER & ASSOCIATES

450 SEVENTH AVE

NEW YORK, NY 10123

Area code and daytime telephone number ▶ 212  695-2000          Fax number ▶ 212  629-5825

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
                  ☐ other copyright claimant
                  ☐ owner of exclusive right(s)
                  ☒ authorized agent of  CAMERON INDUSTRIES, INC.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SOHEIL KHAYYAM                          Date ▶ JUNE 29, 2007

Handwritten signature (X) ▼

👉     J. W___

Mail
certificate
to

**Name** ▼    SCHLACTER & ASSOCIATES

**Number/Street/Apt** ▼    450 SEVENTH AVE, SUITE 1308

**City/State/ZIP** ▼    NEW YORK, NY 10123

Certificate
will be
mailed in
window
envelope

Complete all necessary spaces
Sign your application in space 8

1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

Register of Copyrights, Library of Congress
101 Independence Ave. S.E.
Washington, D.C. 20559-6000

**9**

# EXHIBIT B



# EXHIBIT C



# EXHIBIT D

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER
**VA 1 – 409 – 070**

EFFECTIVE DATE OF REGISTRATION
**JUL 0 3 2007**
Month        Day        Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

TITLE OF THIS WORK ▼
*PATTERN NO. 1117*

NATURE OF THIS WORK ▼ See Instructions
*DESIGN FOR FABRIC*

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

**2**
**a**

NAME OF AUTHOR ▼
*CAMERON INDUSTRIES, INC*

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a
"work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _USA_
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK
Anonymous?       ☐ Yes ☒ No
Pseudonymous?    ☐ Yes ☒ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NOTE**

Under the law,
the "author" of
a "work made
for hire" is
generally the
employer, not
the employee
(see instruc-
tions). For any
part of this
work that was
"made for hire"
check "Yes" in
the space
provided, give
the employer
(or other
person for
whom the work
was prepared)
as "Author" of
that part, and
leave the
space for dates
of birth and
death blank.

NATURE OF AUTHORSHIP  Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work
☒ Design on sheetlike material

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK
Anonymous?       ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work
☒ Design on sheetlike material

**3**
**a**

YEAR IN WHICH CREATION OF THIS
WORK WAS COMPLETED
*2006*  ◀ Year   This information
must be given
in all cases.

**b**
DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information   Month ▶ _AUG_  Day ▶ _10_  Year ▶ _2006_
ONLY if this work
has been published.        _USA_                              ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as
the author given in space 2. ▼
*CAMERON INDUSTRIES, INC*
*1375 BROADWAY*
*NEW YORK, NY 10018*

APPLICATION RECEIVED
**JUL 0 3 2007**
ONE DEPOSIT RECEIVED
**JUL 0 3 2007. D**
TWO DEPOSITS RECEIVED

See instructions
before completing
this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in
space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

FUNDS RECEIVED

EXAMINED BY _____

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                        **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

b

JED R. SCHLACTER, ESQ
SCHLACTER & ASSOCIATES
450 SEVENTH AVE
NEW YORK NY 10123

Area code and daytime telephone number ▶ 212  695-2000      Fax number ▶ 212  629-5825

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   CAMERON INDUSTRIES, INC.
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SOHEIL KHAYYAM                                    Date ▶ JUNE 29, 2007

Handwritten signature (X) ▼

**9**

Mail
certificate
to

Certificate
will be
mailed in
window
envelope

Name ▼ SCHLACTER & ASSOCIATES

Number/Street/Apt ▼ 450 SEVENTH AVE, SUITE 1308

City/State/ZIP ▼ NEW YORK, NY 10123

Complete all necessary spaces
Sign your application in space 8
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
Register of Copyrights, Library of Congress
101 Independence Ave. S.E.
Washington, DC 20559-6000

# EXHIBIT E



# EXHIBIT F

